CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

NEAL C. HONG (ILBN 6309265)
Assistant United States Attorney

60 S. Market, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5081
neal.hong@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 23-00241-002 BLF |
| Plaintiff, | ) THE UNITED STATES' SENTENCING MEMORANDUM |
| v. | ) |
| FRANCIS LEE MCDANIEL, | ) |
| Defendant. | ) |

## INTRODUCTION

After considering the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully recommends that the Court sentence Defendant, Francis Lee McDaniel, to 12 months of imprisonment.

## BACKGROUND

Defendant and co-defendant Michael O'Brien were charged with violations of 18 U.S.C. § 1340 (Conspiracy to Commit Wire Fraud) and 18 U.S.C. § 1343 (Wire Fraud). PSR 1. Defendant pled guilty to Counts One (conspiracy) and Seven through Eleven (substantive wire fraud). *Id.* Defendant and his co-conspirators defrauded Target by first purchasing eBay gift cards at Target. PSR 11-13. Defendant's co-conspirator and leader of the group, O'Brien, would then remove the stickers to reveal and record the redemption codes. PSR 21. O'Brien would then sell the redemption code to third parties in exchange for Bitcoin. *Id.* Defendant and his co-conspirators returned the cards for a full refund, knowing that the

cards were valueless.  PSR 21, 24.

The scheme was far reaching, affecting Target stores in multiple states and resulting in a loss of $508,000.  PSR 19-20, 25.  Target surveillance captured Defendant purchasing eBay gift cards three times in Illinois and Arkansas between September 3, 2018, and September 18, 2018.  PSR 20.  From May 22, 2018, and September 24, 2018, Defendant purchased nine gift cards and was seen on surveillance 327 times, in 21 states, conducting return transactions of 1,531 eBay gift cards.  *Id*.  In total, Defendant was responsible for purchasing or returning eBay's gift cards, with a value of at least $296,400, at Target locations in at least 21 states.  PSR 24.

## ARGUMENT

Defendant and his co-conspirators' conduct is serious because retail theft can have a determinantal effect, not only to the business, but also to the community in which they serve.  *See* Retail Theft: A Data-Driven Response for California p. 7,  https://lhc.ca.gov/wp-content/uploads/Report_RetailTheft-1.pdf.  "Some businesses have cited theft as a reason for closing stores."  *Id*.  Business closures affect not only customers in a community, but also local employment.  *Id*.  Losses due to theft often result in higher prices for consumers which "can be particularly challenging for economically vulnerable populations."  *Id*.  Indeed, Defendant's victim, Target, is a large retailer that is relied on by low-income and minority groups for necessities in areas where options are slim.  *See* https://www.cbsnews.com/sacramento/news/target-to-close-9-stores-including-3-in-san-francisco-citing-theft-that-threatens-workers-shoppers/.  (The article mainly discussed in-store physical thefts.  Defendant's conduct was more clandestine but ultimately has the same effect.)

On September 24, 2024, the Court sentenced O'Brien to 60 months of imprisonment and ordered him to pay $508,000 in restitution for his role in this fraud.  Doc. 57.  The Government agrees that the Court's sentence was fair and reasonable because of O'Brien's increasingly escalating criminal behavior, his leadership role in the fraud, and his poor conduct while on pretrial release.  In contrast, Defendant's criminal history is far less extensive, he was not a leader in the fraud, and he did not violate the conditions of his pretrial release.

According to the United States Pretrial Services, "[Defendant] has complied with all court ordered conditions of release. [Defendant] has not had any positive drug tests, he attend[ed] weekly

mental health sessions at Wellness Within and has completed a CBT group which he sought on his own through Butler Hospital in Rhode Island." PSR 5. Accordingly, the Government submits that a three-level downward variance is appropriate in this case and recommends a low-end sentence of 12 months of imprisonment. The Government recommends a custodial sentence because of the conduct and the following reasons.

Although Defendant's criminal history is not as extensive and troubling as O'Brien's, he still appears to be undeterred from violating the law. Defendant has a conviction for DWI 26 years ago and a serious motor vehicle felony involving injury to two victims 24 years ago. PSR 42, 43. His most recent conviction occurred 5 years ago. In 2020, Defendant was convicted of a state drug trafficking offense involving methamphetamine. PSR 44.

Courts have given Defendant numerous opportunities to avoid serving custodial time. (His 4-year custody sentence was suspended) (PSR 43). Based on his history and characteristics, it appears that Defendant had the ability to make informed decisions—yet chose to engage in criminal behavior. This Court should impose a term a custody so that Defendant can fully appreciate the consequences of continuing to violate the law.

At the time he committed the instant offense, Defendant was approximately 48 years old. He is an educated man with an extensive employment record. Defendant was the valedictorian in his high school class and graduated from an ivy league college. PSR 67. (According to Defendant he graduated from Brown University) (Probation verification is pending). He also has professional licenses from the mortgage sector and as an insurance adjuster. *Id*. (This is unverified by Probation).

According to the PSR, Defendant has been employed as early as 1995 to 2023. PSR 69. During that time, he was a business consultant, engagement and crisis intervention specialist, loan officer, division manager for residential mortgage company, chapter president for US Junior Chamber (The Jaycees), writer, speaker, and an artist. *Id*.

The instant offense may have been driven by his drug addiction. *See* PSR 64. But this should not be an excuse to avoid taking responsibility. Defendant's age, education, and life experiences leads to the conclusion that he is fully capable of rationally weighting the costs and benefits of engaging in certain behavior. This is not to say that an individual with less education or means is more prone to

violating the law, but Defendant's age and experience lends itself to presume that he should know better. The Government submits that his prior probationary sentences, for continuing escalating criminal behavior, has not incentivized him to stop engaging in crime. A custodial sentence will reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and, most importantly, will deter Defendant from engaging in future criminal conduct.

## CONCLUSION

For the reasons stated above, the United States respectfully recommends a sentence of 12 months of imprisonment followed by a term of 3 years of supervised release.

Dated: September 23, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s Neal Hong
NEAL C. HONG
Assistant United States Attorney